UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TREMAYNE ANDERSON,

    Petitioner,

v.

RANDEE REWERTS,

    Respondent,

_____/

Civil No. 2:19-CV-10655
HONORABLE NANCY G. EDMUNDS
UNITED STATES DISTRICT JUDGE

**OPINION AND ORDER DENYING THE PETITION FOR WRIT OF HABEAS CORPUS AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY OR LEAVE TO APPEAL *IN FORMA PAUPERIS***

Tremayne Anderson, ("Petitioner"), confined at the Carson City Correctional Facility in Carson City, Michigan, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his convictions for two counts of assault with intent to do great bodily harm less than murder, M.C.L.A. 750.84; three counts of second-degree child abuse, M.C.L.A. 750.136b; one count of domestic violence, M.C.L.A. 750.812; and being a fourth felony habitual offender, M.C.L.A. 769.12. For the reasons that follow, the petition for writ of habeas corpus is DENIED.

### I. BACKGROUND

Petitioner was convicted following a jury trial in the Wayne County Circuit Court. The jurors acquitted him of four assault with intent to murder charges.

This Court recites verbatim the relevant facts relied upon by the Michigan Court of Appeals, which are presumed correct on habeas review pursuant to 28 U.S.C. § 2254(e)(1). *See Wagner v. Smith*, 581 F.3d 410, 413 (6th Cir. 2009):

1

> Kishwar Smith and defendant were in a dating relationship in April 2014. Smith testified that on April 19, 2014, she, defendant, nine-year old Tahara Ahmad (Smith's daughter), nine-year-old Brenae Rice (Ahmad's friend), and 18–month–old Ethan Monk (Smith and defendant's son) were all at Smith's friend's house. Smith testified that later that evening at her friend's house, defendant called her a "bitch," provoking a fight between defendant and another guest in which defendant got "beat ... up." Smith testified that the incident made defendant angry. Smith testified that she and the children then left with defendant in his car, and that defendant became irate and began to punch her in the head and rip her hair out. According to Smith, defendant then said, "I might as well just kill us all." Ahmad and Rice confirmed that defendant threatened to kill everyone. Smith said that defendant abruptly turned, accelerated, and drove over a curb and directly into another car. Smith testified that defendant then put the car in reverse and pulled away. Before he did so, Ahmad and Rice managed to get out of the car. Defendant continued to drive and punch Smith until he accelerated, jumped some railroad tracks, sending the car airborne, and crashed into a concrete barrier near the Detroit River. According to Smith, the airbags deployed and defendant was knocked unconscious.

*People v. Anderson*, No. 325852, 2016 WL 1040151, at *1 (Mich. Ct. App. Mar. 15, 2016).

The conviction was affirmed. *Id., lv. den.* 500 Mich. 867 (2016).

Petitioner's post-conviction motion for relief from judgment was denied by the trial court, *People v. Anderson,* No. 14-003712-01 (Third Jud.Cir.Ct., June 2, 2017), and on appeal. *People v. Anderson,* No. 341143 (Mich.Ct.App. Jan. 4, 2018); *lv. den.* 502 Mich. 939 (2018).

Petitioner seeks habeas relief on the following grounds: (1) There was insufficient evidence to support his assault with intent to do great bodily harm convictions, (2) the trial court erred in failing to instruct the jurors on lesser included offenses; alternatively, trial counsel was ineffective for failing to request such instructions, (3) trial counsel was ineffective for failing to move for a mistrial or seek a cautionary instruction, (4) the prosecutor improperly vouched for the credibility of witnesses, (5) trial counsel was ineffective for failing to investigate petitioner's claim that he never crashed into a concrete

barrier, and (6) newly discovered evidence shows that there was insufficient evidence to convict.

## II. Standard of Review

28 U.S.C. § 2254(d), as amended by The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), imposes the following standard of review for habeas cases:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 410-11. "[A] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree'

3

on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011).

### III. Discussion

**A. Claims # 1 and # 6.   The insufficiency of evidence claims.**

Petitioner challenges the sufficiency of evidence to convict.

It is beyond question that "the Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." *In Re Winship,* 397 U.S. 358, 364 (1970). But the critical inquiry on review of the sufficiency of the evidence to support a criminal conviction is, "whether the record evidence could reasonably support a finding of guilt beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 318 (1979).  This inquiry, however, does not require a court to "ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt."  Instead, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Id.* at 318-19 (internal citation and footnote omitted)(emphasis in the original).

A federal habeas court may not overturn a state court decision that rejects a sufficiency of the evidence claim merely because the federal court disagrees with the state court's resolution of that claim.  Instead, a federal court may grant habeas relief only if the state court decision was an objectively unreasonable application of the *Jackson* standard. *See Cavazos v. Smith,* 565 U.S. 1, 2 (2011).  "Because rational people can sometimes disagree, the inevitable consequence of this settled law is that judges will

sometimes encounter convictions that they believe to be mistaken, but that they must nonetheless uphold." *Id.* Indeed, for a federal habeas court reviewing a state court conviction, "the only question under *Jackson* is whether that finding was so insupportable as to fall below the threshold of bare rationality." *Coleman v. Johnson*, 566 U.S. 650, 656 (2012). A state court's determination that the evidence does not fall below that threshold is entitled to "considerable deference under [the] AEDPA." *Id.*

Petitioner in his first claim argues that there was insufficient evidence that he had the specific intent to do great bodily harm, so as to support his convictions for assault with intent to do great bodily harm.

The Michigan Court of Appeals rejected petitioner's claim:

Defendant's argument is that there was insufficient evidence presented in regard to the second element. Specifically, defendant asserts that his "conduct showed no conscious or goal-directed desire to assault his passengers when he became involved in a collision with another car and later struck a barrier as he fought with his front seat passenger."

Defendant's argument is without merit. Intent "may be proven directly by inference from the conduct of the accused and surrounding circumstances from which it logically and reasonably follows." Here, there was ample evidence to support the jury's determination that defendant had the requisite intent. First, defendant himself told the passengers that he was going to kill them and that he was going to drive the car into the river. From his statements, a reasonable jury could conclude that defendant intended to do serious injury of an aggravated nature. Second, defendant drove the car into a concrete barrier near the Detroit River. It is clear from the testimony that if this barrier had not been present defendant might have been successful in driving the car into the river. From defendant's act of driving the car into the barrier near the river, a reasonable jury could also infer that defendant intended to do serious injury of an aggravated nature. Accordingly, viewing the evidence in the light most favorable to the prosecution, a rational jury could find defendant guilty beyond a reasonable doubt of assault with intent to do great bodily harm less than murder.

*People v. Anderson*, 2016 WL 1040151, at * 2 (internal citation omitted).

Under Michigan law, the elements of assault with intent to do great bodily harm less than murder are: "(1) an attempt or threat with force or violence to do corporal harm to another (an assault), and (2) an intent to do great bodily harm *less than murder*." *Raybon v. United States*, 867 F.3d 625, 632 (6th Cir. 2017)(*quoting People v. Brown*, 267 Mich. App. 141, 703 N.W.2d 230, 236 (2005))(emphasis original). Assault with intent to do great bodily harm is a specific intent crime which requires "an intent to do serious injury of an aggravated nature," but an actual injury need not occur. *Id.* (internal citations omitted).

The Michigan Court of Appeals reasonably concluded that there was sufficient evidence of petitioner's specific intent to do great bodily harm to support his convictions. Petitioner began to punch Ms. Smith in the head and rip her hair out. Petitioner threatened to kill everyone in the vehicle. Petitioner suddenly turned, drove over a curb and collided directly with another car. Petitioner pulled the car in reverse and pulled away. Ahmad and Rice were able to get out of the car. Petitioner continued driving and hitting Smith until he accelerated, jumped some railroad tracks, sent the car airborne, and crashed into a concrete barrier near the Detroit River. Jurors could infer from this evidence that petitioner at a minimum intended to do great bodily harm to the victims to support his convictions for assault with intent to do great bodily harm. Petitioner is not entitled to relief on his first claim.

In his sixth claim, petitioner argues that there was insufficient evidence of his intent to support his three convictions for second-degree child abuse. Petitioner in actuality argues that it was inconsistent for the jury to acquit him of two assault with intent to murder

charges against Ms. Ahmad and Ms. Rice, and yet find him guilty of three counts of second-degree child abuse, because the intent for both offenses is relatively the same.

Inconsistency in a verdict is an insufficient reason for setting a verdict aside. *Harris v. Rivera,* 454 U.S. 339, 345 (1981); *See also Mapes v. Coyle*, 171 F. 3d 408, 419-20 (6th Cir. 1999). The possibility that an inconsistent verdict may favor a criminal defendant as well as a prosecutor "militates against review of such convictions at the defendant's behest." *United States v. Powell,* 469 U.S. 57, 65 (1984). The fact that an inconsistent verdict might be the result of lenity on the part of the factfinder, coupled with the fact that the prosecutor is unable to obtain appellate review of a conviction, "suggests that inconsistent verdicts should not be reviewable." *Id.* Petitioner is not entitled to relief on his claim that the verdict was inconsistent.

To the extent that petitioner seeks habeas relief based on his actual innocence, he would not be entitled to the issuance of a writ. In *Herrera v. Collins*, 506 U.S. 390, 400 (1993), the Supreme Court held that claims of actual innocence based on newly discovered evidence fail to state a claim for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceeding. Federal habeas courts sit to ensure that individuals are not imprisoned in violation of the constitution, not to correct errors of fact. *Id., See also McQuiggin v. Perkins,* 569 U.S. 383, 392 (2013)("We have not resolved whether a prisoner may be entitled to habeas relief based on a freestanding claim of actual innocence")*.* Freestanding claims of actual innocence are thus not cognizable on federal habeas review, absent independent allegations of constitutional error at trial. *See Cress v. Palmer,* 484 F.3d 844, 854-55 (6th Cir. 2007)(collecting cases). Petitioner is not entitled to relief on his sixth claim.

7

**B. Claim # 2. The lesser included offense instruction claim**.

Petitioner argues that the judge erred in failing to instruct the jurors on the lesser included offenses of third and fourth-degree child abuse.

The United States Supreme Court declined to determine whether the Due Process Clause requires that a state trial court instruct a jury on a lesser included offense in a non-capital case. *See Adams v. Smith,* 280 F. Supp. 2d 704, 717 (E.D. Mich. 2003)(*citing to Beck v. Alabama,* 447 U.S. 625, 638, n. 4 (1980)). A state trial court's failure to give the jury an instruction on a lesser included offense in a non-capital case is not contrary to, or an unreasonable application of, clearly established federal law as required for federal habeas relief. *Id.* Beck was interpreted by the Sixth Circuit to mean that "the [federal] Constitution does not require a lesser-included offense instruction in non-capital cases." *Campbell v. Coyle,* 260 F. 3d 531, 541 (6th Cir. 2001). Thus, the failure of a state trial court to instruct a jury on a lesser included offense in a non-capital case is not an error cognizable in federal habeas review. *Bagby v. Sowders*, 894 F. 2d 792, 797 (6th Cir. 1990); *See also Scott v. Elo,* 302 F. 3d 598, 606 (6th Cir. 2002).

**C. Claims # 2, # 3, and # 5. The ineffective assistance of counsel claims.**

Petitioner claims he was denied the effective assistance of counsel.

To prevail on his ineffective assistance of counsel claims, petitioner must show that the state court's conclusion regarding these claims was contrary to, or an unreasonable application of, *Strickland v. Washington*, 466 U.S. 668 (1984). *See Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009). *Strickland* established a two-prong test for claims of ineffective assistance of counsel: the petitioner must show (1) that counsel's

performance was deficient, and (2) that the deficient performance prejudiced the defense. *Strickland,* 466 U.S. at 687.

In his second claim, petitioner argues that trial counsel was ineffective for failing to request the judge to instruct the jurors on the lesser included offenses of third and fourth-degree child abuse. The Michigan Court of Appeals rejected the claim:

> Here, defendant is unable to overcome the strong presumption that sound trial strategy motivated counsel's conduct in regard to counsel's "failure" to request the lesser included offense instructions. Defense counsel could have correctly assumed that instruction on lesser offenses might have reduced defendant's chance at acquittal, especially where counsel's theory was that defendant did not actually intend to hurt anyone and made the threatening statements because he was drunk. "The decision to proceed with an all or nothing defense is a legitimate trial strategy."

*People v. Anderson*, 2016 WL 1040151, at * 3 (internal citation omitted).

A failure to request charges on all possible lesser included offenses may be proper trial strategy. *See Tinsley v. Million,* 399 F. 3d 796, 808 (6th Cir. 2005). In light of the fact that petitioner's primary defense strategy was to deny that he intended to kill or harm the victims in any way, it was a reasonable trial strategy for counsel to forego requesting an instruction on the lesser included offenses of third and fourth-degree child abuse. *Id.* Counsel's decision to pursue an "all or nothing" defense in the hopes of obtaining a complete acquittal is a reasonable defense strategy that defeats petitioner's ineffective assistance of counsel claim. *See Kelly v. Lazaroff*, 846 F.3d 819, 830 (6th Cir. 2017).

Petitioner in his third claim alleges that trial counsel was ineffective for failing to move for a mistrial, request a limiting instruction, or otherwise object when Ms. Ahmad testified that petitioner had previously been in jail. Petitioner refers to the following exchange between the prosecutor and Ms. Ahmad:

9

Q. How long had you known Mr. Anderson?

A. Three or four years.

Q. And you had been around Mr. Anderson often?

A. Yes, if he's not in jail, yeah.

The Michigan Court of Appeals concluded that trial counsel was not ineffective for failing to move for a mistrial because Ahmad's comment was volunteered and non-responsive, and thus provided no basis under Michigan law for a mistrial. *People v. Anderson*, 2016 WL 1040151, at * 3. In light of the fact that Ahmad's non-responsive answer would have not provided a basis for a mistrial, counsel was not ineffective in failing to move for one. *See Randle v. Jackson*, 544 F. Supp. 2d 619, 633–34 (E.D. Mich. 2008).

In addition, trial counsel's decision not to object or request a limiting instruction may have been perfectly sound from a tactical standpoint, because "[S]uch instructions inevitably invite the jury's attention to matters the defendant normally prefers not to emphasize...". *See Ferguson v. Knight,* 809 F. 2d 1239, 1243 (6th Cir. 1987*). See also Ashe v. Jones,* 208 F. 3d 212 (Table); 2000 WL 263342, at *6 (6th Cir. Feb. 29, 2000)(unpublished opinion)(stating that counsel may have decided, as part of a reasonable trial strategy, not to request an instruction limiting the jury's consideration of the prior bad acts evidence based on the belief that such an instruction would bring undue attention to the other acts); *Stamps v. Rees*, 834 F. 2d 1269, 1276 (6th Cir. 1987)(failure to request jury admonition concerning permissible use of evidence of prior convictions did not constitute ineffective assistance "as it is quite evident that ... counsel simply wanted to get past the prior convictions as quickly as possible without bringing undue attention to them"). Petitioner has failed to overcome the presumption that counsel's decision to

forego requesting a cautionary instruction or to object was a reasonable trial tactic to avoid giving undue attention to petitioner's prior incarceration. Petitioner is not entitled to relief on his third claim.

Petitioner in his fifth claim alleges that trial counsel was ineffective for failing to properly investigate his claim that he never crashed into any concrete barrier and attempted to drive into the Detroit River, as Ms. Smith testified. In support of this claim, petitioner cites to a report and photos from the U.S. Customs and Border Protection Agency that his lawyer obtained under the Freedom and Information Act. Petitioner attached copies of the report and photographs to his petition; clearer versions of this report and photographs were attached to petitioner's post-conviction motion for relief from judgment. (ECF 1, PID 85-91, ECF 9-14, PID 655-61). Petitioner claims that this evidence establishes that petitioner never collided into a concrete barrier.

In rejecting petitioner's related newly discovered evidence claim, the trial judge noted that "defendant's exhibit (B2) [a photograph] clearly shows front end damage that is consistent with a collision with a concrete barrier, which supports his child abuse conviction." People v. Anderson, No. 14-003712-01, * 5 (Third Jud.Cir.Ct., June 2, 2017)(ECF 9-14, PID 670).

This Court reviewed the report and the photographs. Nothing in the report or photographs suggests that petitioner did not collide into a concrete barrier or other hard object; the evidence, if anything, suggests otherwise. Petitioner presented no evidence, either to this Court or to the Michigan courts, to establish that the testimony about petitioner driving into a concrete barrier near the Detroit River was false or inaccurate. Conclusory allegations of ineffective assistance of counsel by a habeas petitioner, without

11

any evidentiary support, do not provide a basis for habeas relief. *See Workman v. Bell*, 160 F.3d 276, 287 (6th Cir. 1998). Petitioner's conclusory allegation that he was prejudiced by trial counsel's failure to investigate the absence of a concrete barrier near the Detroit River is insufficient to demonstrate that petitioner was actually prejudiced, so as to entitle petitioner to habeas relief on his ineffective assistance of counsel claim. *See Cross v. Stovall*, 238 F. App'x 32, 39–40 (6th Cir. 2007).

### D.  Claim # 4.  The prosecutorial misconduct claim.

Petitioner finally claims that the prosecutor improperly vouched for the credibility of Ms. Ahmad and Ms. Rice, pointing to the following remarks made by the prosecutor during summation:

> The judge is going to tell you how you judge people's credibility. You have to ask yourself, okay, are the children lying. Are these children making this up? Are they so young that they're so confused that they cannot articulate what happened that day. You've got to ask yourself that. The witness stand is in close proximity to you so you can assess the witnesses to make a determination yourself on whether or not these people have the ability to recall things, whether or not they have the ability and the recall to tell you exactly what happened. You have to make that determination.
>
> In my opinion the kids were very credible. The kids were very articulate. They were bright children. They were able to tell you how mad he was, and they were able to tell you that nothing was obstructing their view, and they saw him beating her face and about her body. They saw him pulling her hair out.

The Michigan Court of Appeals agreed that the prosecutor's remarks amounted to improper vouching but found the comments to be harmless in light of the fact that prior to making this comment, the prosecutor explained the jury's role in determining the credibility of the witnesses, the judge instructed the jurors that the lawyers' statements and arguments were not evidence, and the comments did not result in the conviction of

an actually innocent defendant or affect the fairness or integrity of the proceedings. *People v. Anderson*, 2016 WL 1040151, at * 5.

A prosecutor's improper comments will be held to violate a criminal defendant's constitutional rights only if they "'so infected the trial with unfairness as to make the resulting conviction a denial of due process.'" *Darden v. Wainwright*, 477 U.S. 168, 181 (1986)(quoting *Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974)). Prosecutorial misconduct will thus form the basis for habeas relief only if the conduct was so egregious as to render the entire trial fundamentally unfair based on the totality of the circumstances. *Donnelly*, 416 U.S. at 643-45. To obtain habeas relief on a prosecutorial misconduct claim, a habeas petitioner must show that the state court's rejection of his or her prosecutorial misconduct claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Parker v. Matthews*, 567 U.S. 37, 48 (2012).

A prosecutor may not express a personal opinion concerning the guilt of a defendant or the credibility of trial witnesses, because such personal assurances of guilt or vouching for the veracity of witnesses by the prosecutor "exceeds the legitimate advocates' role by improperly inviting the jurors to convict the defendant on a basis other than a neutral independent assessment of the record proof." *Caldwell v. Russell*, 181 F.3d 731, 737 (6th Cir.1999)(internal citations omitted). However, a prosecutor is free to argue that the jury should arrive at a particular conclusion based upon the record evidence. *Id.* The test for improper vouching for a witness is whether the jury could reasonably believe that the prosecutor was indicating a personal belief in the witness' credibility. *United States v. Causey*, 834 F.2d 1277, 1283 (6th Cir. 1987). "[G]enerally,

13

improper vouching involves either blunt comments, or comments that imply that the prosecutor has special knowledge of facts not in front of the jury or of the credibility and truthfulness of witnesses and their testimony." *See United States v. Francis,* 170 F.3d 546, 550 (6th Cir. 1999)(internal citations omitted). It is worth noting that the Sixth Circuit has never granted habeas relief for improper vouching. *Byrd v. Collins,* 209 F.3d 486, 537 and n. 43 (6th Cir. 2000). Indeed, "[T]he Supreme Court has never specifically held that a prosecutor's vouching for the credibility of a witness resulted in a denial of due process." *Wilson v. Bell*, 368 F. App'x 627, 632, n.3 (6th Cir. 2010). Even on direct appeal from a federal conviction, to constitute reversible error, a prosecutor's alleged misconduct of arguing his or her personal belief, in a witness' credibility or in a defendant's guilt, must be flagrant and not isolated. *See United States v. Humphrey,* 287 F.3d 422, 433 (6th Cir. 2002).

Petitioner is not entitled to habeas relief on this claim because the prosecutor's comment was brief and isolated. An isolated instance of vouching does not make a state trial so constitutionally infirm so as to justify federal habeas relief. *See e.g. Joseph v. Coyle,* 469 F. 3d 441, 474 (6th Cir. 2006). Secondly, the prosecutor's remarks did not rise to the level of a due process violation necessary for federal habeas relief, because the sizeable amount of evidence offered by the state against petitioner made it unlikely that the jury was misled by this brief statement. *See Wilson v. Mitchell,* 250 F. 3d 388, 398 (6th Cir. 2001). Lastly, the jury was instructed that the lawyers' statements and arguments were not evidence. This instruction by the court cured any prejudice that may have arisen from any improper vouching. *Byrd,* 209 F. 3d at 537.

## IV. Conclusion

The petition is denied with prejudice. The Court denies a certificate of appealability to petitioner. In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

For the reasons stated in this opinion, the Court will deny petitioner a certificate of appealability because he has failed to make a substantial showing of the denial of a federal constitutional right. *See Allen v. Stovall*, 156 F. Supp. 2d 791, 798 (E.D. Mich. 2001). The Court will also deny petitioner leave to appeal *in forma pauperis*, because the appeal would be frivolous. *Id.*

## V. ORDER

Based upon the foregoing, IT IS ORDERED that the petition for a writ of habeas corpus is DENIED WITH PREJUDICE.

IT IS FURTHER ORDERED That a certificate of appealability is DENIED.

IT IS FURTHER ORDERED that Petitioner will be DENIED leave to appeal *in forma pauperis*.

s/ Nancy G. Edmunds
HON. NANCY G. EDMUNDS
UNITED STATES DISTRICT COURT JUDGE

Dated: October 23, 2019